IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| METROPOLITAN CHRISTIAN METHODIST EPISCOPAL CHURCH,<br>        Plaintiff,<br><br>v.<br><br>BARNABAS INVESTORS, INC., *et al.*,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-08-2797 |

### MEMORANDUM AND ORDER

This case is before the Court on the Motions to Dismiss for Lack of Personal Jurisdiction [Docs. # 113 and # 115] filed by George Dixon, as personal representative of the Estate of Cecil Brooks and as trustee of the Covenant Family Trust. Plaintiff filed a consolidated Response [Doc. # 117] to both Motions to Dismiss, and Dixon filed a Reply [Doc. # 118]. Having reviewed the record and applied governing legal principles, the Court **grants** the Motions to Dismiss.

Under the Federal Rules of Civil Procedure, a federal court in a diversity case may exercise jurisdiction over a nonresident corporate Defendant only if permitted under state law. *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000) (citing FED. R. CIV. P. 4(e)(1), 4(h)(1), 4(k)(1)). The Texas long-arm statute "authorizes the exercise of jurisdiction over nonresidents 'doing business' in Texas,"

and "the Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 903, 906 (S.D. Tex. 2001).

The two-part test for assertion of personal jurisdiction under the due process is (1) whether a defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' within the forum state," and (2) whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Alpine View,* 205 F.3d at 215; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Both prongs of the due process test must be met in order for this Court to exercise personal jurisdiction over the defendant.

When personal jurisdiction is asserted, the "minimum contacts" requirement may be satisfied if either (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum ("specific jurisdiction"), or (2) the defendant has "continuous and systematic" contacts with the forum ("general

jurisdiction"). *See Burger King*, 471 U.S. at 472-76; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-17 (1984); *Alpine View*, 205 F.3d at 215.

In analyzing minimum contacts, it is not the number but rather the quality and nature of the nonresident's contact with the forum that is important. *See Burger King*, 471 U.S. at 474-75. A defendant's single intentional act directed to the forum can be sufficient to confer personal jurisdiction "if that act gives rise to the claim being asserted." *See Lewis v. Fresne*, 252 F.3d 352, 258-59 (5th Cir. 2001).

Plaintiff bears the burden of establishing contact by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the party asserting jurisdiction is required only to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy its burden. *Central Freight Line Inc. v. APA Transport Corp.,* 322 F.3d 376, 380 (5th Cir. 2003). The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Id.* The law, however, does not require the court to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

In this case, Dixon has presented evidence that he has no contacts with Texas whatsoever, other than making his special appearance in this lawsuit to challenge personal jurisdiction. The Estate of Cecil Brooks was admitted into probate in the State of Florida under that state's laws. Dixon is a resident of Florida and has never lived in Texas. He has no office in Texas, has not solicited or conducted business in Texas, has never travelled to Texas in his capacity as personal representative or trustee, and has never administered any estate in Texas.

Plaintiff does not allege that Dixon has any contacts with the state of Texas. Instead, Plaintiff argues in the Response that the Court can exercise personal jurisdiction over Dixon because the Court allowed Plaintiff to file an amended complaint adding Dixon and because Plaintiff complied with the requirements of Rule 4 of the Federal Rules of Civil Procedure by serving Dixon with a copy of the summons and complaint through his attorney.[1] Plaintiff cites no legal authority for these arguments, and the Court is aware of none. Having failed to allege or establish the existence of any contacts with Texas by Dixon, Plaintiff has failed to carry its burden to show that this Court has personal jurisdiction over the Defendant.

---

[1] Plaintiff also relies on Rule 25(a) of the Federal Rules of Civil Procedure which permits the substitution of parties when a party to a lawsuit dies and the claim is not extinguished. Plaintiff's reliance on Rule 25(a) is misplaced, because the Estate of Cecil Brooks has been substituted as the proper party under Rule 25(a). *See* Order Granting Unopposed Motion to Substitute Party [Doc. # 100].

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss by George Dixon as Personal Representative of the Estate of Cecil Brooks [Doc. # 113] and as Trustee of the Covenant Family Trust [Doc. # 115] are **GRANTED**. All claims against George Dixon as Personal Representative of the Estate of Cecil Brooks and as Trustee of the Covenant Family Trust are **DISMISSED**.

SIGNED at Houston, Texas, this **29th** day of **January, 2010**.

*[signature]*

Nancy F. Atlas
United States District Judge