IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| METROPOLITAN CHRISTIAN METHODIST EPISCOPAL CHURCH,<br>    Plaintiff,<br><br>v.<br><br>BARNABAS INVESTORS, INC., *et al.*,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. H-08-2797 |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") [Doc. # 119] filed by Defendant Cornerstone Capital Advisors, Inc. ("CCA"), to which Plaintiff Metropolitan Christian Methodist Episcopal Church ("Metropolitan") filed a Response [Doc. # 123]. CCA neither filed a reply nor requested additional time to do so. Based on the Court's review of the record and governing legal authorities, the Motion to Dismiss is **denied**.

It is undisputed that CCA is a Georgia corporation, currently in the process of winding down. Under the Federal Rules of Civil Procedure, a federal court in a diversity case may exercise jurisdiction over a nonresident corporate Defendant only if permitted under state law. *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000) (citing FED. R. CIV. P. 4(e)(1), 4(h)(1), 4(k)(1)). The Texas long-

arm statute reaches "as far as the federal Constitution permits." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp. 903, 906 (S.D. Tex. 2001).

The two-part test for assertion of personal jurisdiction is (1) whether a defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' within the forum state," and (2) whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Alpine View,* 205 F.3d at 215; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Both prongs of the due process test must be met in order for this Court to exercise personal jurisdiction over a nonresident defendant.

Plaintiff bears the burden of establishing contact by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the party asserting jurisdiction is required only to present facts sufficient to constitute a *prima facie* case

of personal jurisdiction to satisfy its burden. *Central Freight Line Inc. v. APA Transport Corp.,* 322 F.3d 376, 380 (5th Cir. 2003). The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Id.*

In this case, there is no dispute that CCA itself did not have sufficient minimum contacts with Texas to permit this Court to exercise personal jurisdiction in this case. Plaintiff argues, however, the CCA is the alter ego of Cornerstone Ministries Investments, Inc. ("Cornerstone") and other corporate defendants. "As a general rule, . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudenspsrung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). This presumption of institutional independence of related corporate entities may be rebutted by "clear evidence" of "something beyond" the mere existence of a corporate relationship between the two corporate entities. *Id.* (citing *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)). There must generally be proof of control by one corporation over the other corporation sufficient to "fuse the two together for jurisdictional purposes." *Id.* (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)). "In determining whether a plaintiff asserting personal jurisdiction has

overcome the presumption of corporate separateness, this Court considers the following nonexhaustive factors: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities." *Id.*

In its Response, Plaintiff presented the Bankruptcy Examiner's Report from CMI's bankruptcy proceeding. In the Report, the Bankruptcy Examiner noted that CMI employees failed to recognize a distinction between CMI and CCA, and that CCA received a percentage of CMI's revenue. The Bankruptcy Examiner also noted that the two corporations shared employees, officers, and "persons in control."

Plaintiff also cited testimony from Defendant Frank Vann, President of CCA, who testified that the two corporations shared officers who together controlled the two companies. Vann also testified that the CCA Board of Directors did not meet.

Plaintiff has presented clear evidence that is sufficient to support a *prima facie* case of personal jurisdiction based on the alter ego theory. As a result, it is hereby

**ORDERED** that Cornerstone Capital Advisors, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 119] is **DENIED**. It is further

**ORDERED** that Plaintiff shall file by **March 26, 2010**, a brief and relevant evidence to support the assertion made throughout the Response that Defendant Barnabas Investors, Inc. is a Texas corporation. Any Defendant may file a brief, with relevant evidence, in response to Plaintiff's brief by **April 12, 2010**.

SIGNED at Houston, Texas, this **8th** day of **March, 2010**.

_____
Nancy F. Atlas
United States District Judge